McGREGOR W. SCOTT
United States Attorney
DAWRENCE W. RICE, JR.
Assistant U.S. Attorney
3654 Federal Building
1130 "O" Street
Fresno, California 93721
Telephone: (559) 498-7272

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:04-CR-5321 OWW |
| Plaintiff, ) | PRELIMINARY ORDER OF FORFEITURE |
| v. ) | |
| RAYMOND SLATON, ) | |
| Defendant. ) | |

Based upon the plea agreement entered into between plaintiff United States of America and defendant Raymond Slaton, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 21 U.S.C. § 853, defendant Raymond Slaton's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

    a) Approximately $4,330.00 in U.S. currency, seized on or about October 29, 2004, from a ceiling heating and cooling vent in the residence of defendant RAYMOND SLATON, located at 628 Gannet Court, Merced, California.

    b) Approximately $28,005.73 in U.S. currency, seized on or about November 2, 2004, from bank account number 306-671014-2 at the Washington Mutual Bank in the name of Diana Terrell Slaton, the wife of defendant RAYMOND SLATON.

 2. The above-listed forfeited property constitutes personal property used, or intended to be used, to commit or facilitate federal controlled substance law violations; and property that constituted proceeds or was derived from proceeds that defendant Raymond Slaton obtained directly or indirectly as a result of his commission of violations of 21 U.S.C. §§ 841(a)(1) and 846, and is subject to forfeiture pursuant to 21 U.S.C. § 853.

 3. That pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-described property. That the aforementioned forfeited property shall be seized and held by the United States Marshals Service, or its designee, in its secure custody and control.

 4. a. That pursuant to 21 U.S.C. § 853 and Local Rule 83-171, the United States forthwith shall publish at least once for three successive weeks in the <u>Merced Sun Star</u> (Merced County), a newspaper of general circulation located in the county in which the above-described property was seized, notice of this Order, notice of the Attorney General's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of the notice or of receipt of actual notice, whichever is earlier.

 b. That this notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited

property and any additional facts supporting the petitioner's claim and the relief sought.

    c.  That the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.  That if a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853 in which all interests will be addressed.

SO ORDERED this ___13th_ day of __December_____, 2005.

                        _____/s/ OLIVER W. WANGER_____
                        OLIVER W. WANGER
                        United States District Judge